**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mikhail Cirkunovs, | Case No. 2:25-cv-00914-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Zuffa LLC, et al., | |
| Defendants. | |

Before this Court are Plaintiffs' motion to seal/redact the December 2025 status report[1] and the brief regarding the arbitration search term proposal.[2] ECF Nos. 99, 107. These motions are unopposed. For the reasons discussed below, this Court denies Plaintiffs' motions to seal without prejudice.

**I.  DISCUSSION**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

---

[1] The sealed/unredacted version is at ECF No. 100. The redacted version is at ECF No. 98.

[2] The sealed/unredacted version is at ECF No. 108. The redacted version is at ECF No. 106.

documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

In their motions, Plaintiffs explain that the information sought to be sealed has been designated as confidential pursuant to the Stipulated Protective Order. But Plaintiffs explain they do not agree with such designations and otherwise provide no other reason to seal.

Stipulated protective orders alone do not justify sealing court records. *Kamakana*, 447 F.3d at 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). Stipulated protective orders "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1183. Because judges sign off on these protective orders without making individualized findings, they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Id.*; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

As a result, Plaintiffs' motion to seal is denied without prejudice. If either party wishes to maintain the information in question under seal, the appropriate party must file a new motion advancing arguments in support of the need to seal this response information under the applicable standard. Such motion will be due no later than February 6, 2026. In the interim, this Court will maintain ECF Nos. 100 and 108 under seal. If no such motions are filed by the deadline provided, this Court will unseal the currently sealed briefs and any exhibits.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motions to seal (ECF Nos. 99 and 107) are **DENIED** without prejudice. However, the Clerk's Office is directed to maintain ECF Nos. 100 and 108 under seal until further orders from the Court.

DATED: January 7, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE