**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Mikhail Cirkunvos,

                Plaintiffs,

    v.

Zuffa LLC, et al.,

                Defendants.

Case No. 2:25-cv-00914-RFB-BNW

**ORDER**

Defendants filed a motion to seal Exhibits A and B in support of their motion to compel arbitration (at ECF No. 38) and to redact certain portions of the motion that refer to those exhibits. ECF No. 40. The sealed documents are currently at ECF No. 39. No opposition has been filed.

**I.    DISCUSSION**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

"[D]istrict courts differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes" *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 8200602, at *2 (N.D. Cal. May 30, 2019) (*citing Martin v. Wells Fargo Bank, N.A.*, No. 12-CV-06030-SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013) (collecting cases)). But the Court finds more persuasive the reasoned opinions concluding that a motion to compel arbitration is dispositive because of its similarities to motions to remand or transfer. *See, e.g., Langell v. Ideal Homes LLC*, No. 16-CV-00821-HRL, 2016 WL 8711704, at *3–4 (N.D. Cal. Nov. 18, 2016), *report and recommendation adopted*, No. 16-CV-00821-LHK, 2016 WL 10859440 (N.D. Cal. Dec. 7, 2016). Courts in the Ninth Circuit employ a "functional approach" to determine whether a motion is dispositive by looking to its effect. *See Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). Like a motion to remand or transfer, a motion to compel arbitration results in the case being transferred to a different forum for resolution of the merits. *Cf. id.* at 1047 (holding

that motion to remand is dispositive because it "preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute") (internal quotation omitted). Though a federal court technically retains jurisdiction to enforce arbitration awards, the "limited and highly deferential" mode of review, *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009), has the practical impact of "put[ting] the parties effectively out of federal court." *Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273, 1278–79 (9th Cir. 2010) (internal quotation and emphasis omitted). Thus, this Court finds that a motion to compel arbitration is dispositive and accordingly, it applies the compelling reasons standard to the motion to seal.

The exhibits in question (and the redacted portions of the motion citing to those exhibits) contains highly sensitive proprietary and contractual business information. If disclosed, these exhibits could provide competitors with insights into Defendants' business practices, invade the privacy interests of Cirkunovs, and lead to competitive harm. Courts may justify sealing court filings to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 (1978); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing district court order not to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" from licensing agreements).

## II.    CONCLUSION

**IT IS THERERFORE ORDERED** that Defendants' Motion to Seal (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain under seal ECF No. 39.

DATED: January 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

Page 3 of 3