**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Mikhail Circunovs,

Plaintiff,

v.

Zuffa, LLC, et al.,

Defendant.

Case No. 2:25-cv-00914-RFB-BNW

**ORDER**

Before this Court is Defendants' omnibus motion to seal documents/redact information in documents attached to ECF Nos. 98, 106, and 123. ECF No. 128. Plaintiffs did not respond.

## I. Analysis

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from

being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Defendants seek to seal/redact several documents attached to statements regarding device disclosure data (ECF Nos. 98 and 106) and a joint status report on outstanding discovery issues (ECF No. 123). Because these documents are attached to matters that are not dispositive or more than tangentially related to the merits of the case, this Court applies the good cause standard. *Kamakana*, 447 F.3d at 1179.

**A. Exhibits to the December 9, 2026, Statement (ECF No. 98)**[1]

**1. Exhibits 1, 5, 8, and 46–47 (ECF Nos. 98-3, 98-7, 98-10, and 98-43–44)**

Defendants move to fully seal the charts at Exhibits 1, 5, 8, and 46–47 to the December 9 Statement because they contain detailed device and application inventories for Defendants' employees. ECF No. 128 at 16. This Court agrees that the disclosure of phone numbers and the serial numbers of devices risks exploitation and circumvention of security protocols, but that the numbers can be redacted while leaving important information accessible to the public. *See Evans v. Nye Cnty.*, No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023) (sealing sensitive security operational details); *see also Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) (finding that phone numbers and addresses were personally identifying information that warranted sealing). Accordingly, good cause exists to redact phone numbers and serial numbers included in the exhibits.

**2. Exhibits 10–11 and 16 (ECF Nos. 98-12–13, 98-18)**

[1] The sealed and unredacted version of this document and its exhibits is at ECF No. 100.

Defendants move to seal in full Exhibits 10–11 and 16 in full. ECF No. 128 at 16. Exhibits 10 and 16 are discovery deficiency letters and Exhibit 11 is a questionnaire to Defendant custodians about file storage, preservation efforts and production processes.

This Court agrees that there is good cause to redact phone numbers and personal email addresses. LR IC 6-1; *see also Hadley,* 2018 WL 7814785, at *3; *Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (sealing personally identifying information, including the names and email addresses of an attorney's clients because "public disclosure of this information could be used for improper purposes.") Additionally, portions of the discovery deficiency letters at Exhibits 10 and 16 include quotes from, or detailed references to, agreements such that the information included therein could affect the parties to the agreements in future negotiations if disclosed. There is good cause to redact these quotes and references. *See Simpson Strong-Tie Co. Inc. v. MiTek, Inc.*, 20-cv-06957-VKD, 2023 WL 9187547, at *3 (N.D. Cal. Dec. 15, 2023) (sealing the terms of a licensing agreement because the information could be detrimental to one or both parties to the agreement in subsequent negotiations with third parties); *Selling Source, LLC v. Red River Ventures*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreement with clients, there are compelling reasons to the seal the material".).

Defendants do not support their contention that Exhibits 10–11 and 16 should be sealed in their entirety, however, given that most of the information included in these documents has been discussed in hearings and other documents on the docket throughout the proceedings. Because the current versions of these exhibits already have redacted phone numbers, personal email addresses, and references to agreements between parties and nonparties, the parties need not refile them.

**3. Exhibit 14 (ECF No. 98-16)**

Defendants seek to seal Exhibit 14—a list of topics for a Rule 30(b)(6) deposition in the *Le* matter—in full. ECF No. 128 at 14. Defendant argues that Exhibit 14 contains sensitive security information. *Id.* at 16.

The charts included in Exhibit 14 include file locations, naming conventions, and descriptions of private file content. They also include PII such as phone numbers and email addresses. The disclosure of this information could put systems at risk for circumvention of security protocols. *See Evans v. Nye Cnty.*, No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023). Additionally, the protected information is so pervasive throughout these charts, it would be difficult to redact the information while still leaving important information accessible to the general public. Accordingly, good cause exists to seal Exhibit 14 in full.

**4. Exhibits 17–18 and 20–24 (ECF Nos. 98-19–20 and 98-22–26)**

Defendants seek to redact phone numbers in Exhibits 17–18 and 20–24 and redact specific text messages in the threads at Exhibits 17–18, 21–22, and 24. ECF No. 128 at 16–17. Defendants argue that the messages they wish to redact include sensitive business information. *Id.* at 19. Because the text messages at issue include negotiation and operational discussions, this Court finds that good cause exists to redact the requested messages at Exhibits 17–18, 21–22, and 24. *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *see also Selling Source, LLC*, 2011 WL 1630338, at *6. Additionally, good cause exists to redact the phone numbers included in the exhibits. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *see also Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018).

**5. Exhibits 32–33 (ECF Nos. 98-29–30)**

Defendants move to seal the declaration from Dana White and an excerpt of his testimony during the spoliation dispute in the *Le* matter[2] at Exhibits 32–33 in full. ECF No. 128 at 16. Because detailed information regarding Mr. White's devices could risk exploitation or result in target harassment, phishing, and other security threats of a prominent public figure if disclosed, good cause exists to seal Exhibits 32 and 33. *See Evans*, 2023 WL 362818, at *12; *see also A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 WL 674499, at *4 & n.6 (D. Nev.

---

[2] 2:15-cv-01045-RFB-(PAL)

Mar. 9, 2026) (redacting employee email addresses and phone numbers because they could be used as a vehicle for improper purposes, including harassment and phishing attempts).

**6. Exhibits 34–35 and 43 (ECF Nos. 98-31–32 and 98-40)**

Defendants move to redact specific portions of emails within an email chain in ECF Nos. 34 and 43 because they include competitively sensitive business information. ECF No. 128 at 21. Defendants also move to redact all UFC phone numbers in Exhibits 34 and 43 and all non-UFC email addresses, names, initials, phone numbers, and fax numbers related to non-party fighters and managers in Exhibit 35. *Id.* at 20–21.

Good cause exists to redact the requested portions of Exhibit 34 because they discuss UFC business strategy. *See Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN, 2013 WL 6210648, at *1 (D. Nev. Nov. 27, 2013) (sealing documents that included business strategies because these documents constituted confidential business information). Good cause also exists to redact the requested portions of Exhibit 43 because they discuss nonpublic financial details and strategy. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010) (sealing materials that brought attention to a company's "confidential internal business deliberations, organization, and capabilities"); *see also Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (redacting information regarding financial condition and strategy).

There is good cause to redact all UFC phone numbers in Exhibits 34 and 43 and non-UFC email addresses, phone numbers, and fax numbers related to non-party fighters in Exhibit 35, but Defendants do not explain why names and initials of non-party fighters must also be redacted in Exhibit 35. *See Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018); *see also Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022).

Accordingly, a copy of Exhibit 35 must be refiled with non-UFC email addresses, phone numbers, and fax numbers related to non-party fighters and managers redacted, but with the names and initials of non-party fighters unredacted.

**7. Exhibits 36–38 (ECF Nos. 98-33–35)**

Defendants move to seal Exhibits 36–38 in full because the email chains include agreement terms with a third party. ECF No. 128 at 20. There is good cause to seal these exhibits because disclosure of information that is negotiated between parties to an agreement in confidence can be detrimental to one or both parties in subsequent negotiations with third parties. *Simpson Strong-Tie Co. Inc. v. MiTek, Inc.*, 20-cv-06957-VKD, 2023 WL 9187547, at *3 (N.D. Cal. Dec. 15, 2023). Because these exhibits cannot be easily redacted while leaving meaningful information available to the public, they may be sealed in their entirety.

**8. Exhibits 39–42 (ECF Nos. 98-36–39)**

Defendants move to redact all UFC phone numbers included in the email threads at Exhibits 39–42 as well as the non-UFC phone numbers related to ESPN in Exhibit 41 and Endeavor phone numbers in Exhibit 42. The information that Defendants seek to redact constitutes PII and good cause supports redaction. *See Hadley*, 2018 WL 7814785, at *3; *Reflex Media, Inc.*, 2022 WL 2985938, at *2; *A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026).

**9. Exhibits 44 and 50 (ECF Nos. 98-41 and 98-47)**

Defendants seek to seal Exhibits 44 and 50 in full because both email chains discuss confidential business information and strategy. ECF No. 128 at 21. The email chain at Exhibit 44 includes analysis regarding audience demographics that is over ten years old, and the email at Exhibit 50 is an email from Mr. White regarding availability during a pay-per-view event. Defendants do not explain how the business information in Exhibit 44 might harm their competitive standing given that the information is more than ten years old. Defendants likewise fail to explain how Mr. White's warning to his employees regarding their availability at Exhibit 50 constitutes confidential business strategy. Accordingly, good cause does not exist to seal Exhibits 44 and 50.

**10. Exhibits 45 and 49 (ECF Nos. 98-42 and 98-46)**

Defendants move to seal Exhibits 45 and 49 in full because both email chains discuss UFC's financial information. ECF No. 349 at 21. The email chains at Exhibits 45 and 49 are discussions regarding projected financial costs and gains and includes business strategy. Because

these email chains include internal business deliberations and financial information, good cause exists to seal Exhibits 45 and 49. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010); *INAG, Inc. v. Richar, Inc.*, No. 2:16-cv-00722-RFB-EJY, 2024 WL 3103285, at *1 (D. Nev. June 24, 2024).

**11. Exhibit 48 (ECF No. 98-45)**

Defendants move to file Exhibit 48 under seal in its entirety because it is a custodian chart that includes device inventories for Defendants' employees. ECF No. 128 at 16. They argue that these device inventories contain confidential security information. *Id.* Defendant does not explain how information regarding the type of device being inventoried, without further identifying details, constitutes confidential security information. Thus, good cause does not exist to seal Exhibit 48.

**B. Exhibits to the December 16, 2026, State (ECF No. 106)[3]**

**1. Exhibits 2–4, 8, and 12 (ECF Nos. 106-4–6)**

Defendants move to seal in full Exhibits 2–4, 8, and 12 to the December 16th statement in full as these are charts, letters, and emails that contain detailed device and application inventories for Defendants' employees. ECF No. 128 at 16. The disclosure of phone numbers and the serial numbers of devices included in these documents risks exploitation and circumvention of security protocols. *See Evans v. Nye Cnty.*, No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023). But these exhibits contain more information than just phone numbers and serial numbers, and Defendants fail to show that the exhibits cannot be easily redacted rather than sealed in full. Thus, good cause exists only to support redacting phone numbers and serial numbers included in the exhibits.

**2. Exhibits 7 and 9–10 (ECF Nos. 106-9 and 106-11–12)**

Defendants seek the redaction of all phone numbers and certain messages in the text message and instant message threads at Exhibits 7 and 9–10. ECF No. 128 at 18. Defendants argue that the messages they wish to redact include competitively sensitive business information.

---

[3] The sealed and unredacted version of this document and its exhibits is at ECF No. 108

*Id.* at 19. The instant messages that Defendants wish to redact in Exhibits 9 and 10 discuss nonpublic business strategy regarding the organization of fights. Accordingly, there is good cause to redact these messages. *See Clark*, 2010 WL 1006823, at * 1.

Conversely, the text messages in Exhibit 7 consist of discussions scheduling calls, links to contracts, and a screenshot of a public Twitter post. The content of the calls and agreements are not included in the messages, so no confidential business information would be accessible to the public. Thus, good cause does not exist to redact the messages in Exhibit 7.

**G. Exhibit to the Joint Status Report on Discovery Issues (ECF No. 123)[4]**

**1. Exhibit 5 (ECF No. 123-5)**

Defendants seek to seal the chart at Exhibit 5 in full because it contains detailed device and application inventories for Defendants' employees. ECF No. 128 at 16. This Court agrees that good cause exists to redact the phone numbers and serial numbers of devices because the disclosure of this information risks phone exploitation and circumvention of security protocols. *See Evans*, 2023 WL 362818, at *12. However, this Court declines to seal Exhibit 5 in full because this information can be redacted while leaving meaningful information available to the public.

**2. Exhibits 6 and 7 (ECF Nos. 123-6–7)**

Defendants seek the redaction of all phone numbers and certain messages in the identical instant message threads at Exhibits 6 and 7. ECF No. 128 at 19. Defendants argue the messages contain proprietary information. *Id.* The messages contain a link to a bout agreement, but they do not include the details of the agreement. Further, Defendants do not argue how the meta data chart on the last page of the exhibits constitutes confidential business information. Good cause does not exist to redact these exhibits.

**3. Exhibit 8 (ECF No. 123-8)**

Defendants move to seal the presentation at Exhibit 8 because it contains revenue information, business highlights, sports market analysis, and other business information. ECF No.

---

[4] The sealed and unredacted version of the exhibits are at ECF No. 125.

128 at 22. Because Courts in this District have sealed documents where disclosure would reveal the organization's confidential structure, decision-making, or financial information, this Court finds that good cause exists to seal Exhibit 8. *See Clark*, 2010 WL 1006823, at * 1; *INAG, Inc. v. Richar, Inc.*, No. 2:16-cv-00722-RFB-EJY, 2024 WL 3103285, at *1 (D. Nev. June 24, 2024) (sealing confidential financial information).

**H. Portions of the December 9 and December 16 Statements (ECF Nos. 98 and 106)[5]**

Defendants seek to redact portions of the December 9 and December 16 statements that refer to the exhibits that they wish to seal in the instant motion. ECF No. 128 at 23. The portions of the December 9 and December 16 statements Defendants wish to redact include PII such as phone numbers and email addresses that this Court has found may be redacted for good cause. They also include specific quotes included in exhibits that this Court has found there is good cause to seal above. Thus, good cause exists to redact the requested portions of the December 9 and December 16 statements at ECF Nos. 98 and 106.

**II. Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' motion at ECF No. 128 is **GRANTED in PART and DENIED in PART**.

**IT IS FURTHER ORDERED** that the Clerk of Court maintain the following under seal:

- ECF No. 100
- ECF No. 108
- ECF No. 125

**IT IS FURTHER ORDERED** that Defendants refile the following without redactions:

- Exhibits 44, 48, and 50 to ECF No. 98
- Exhibits 6 and 7 to ECF No. 123

**IT IS FURTHER ORDERED** that Defendants refile the following with the appropriate redactions consistent with this order:

- Exhibits 1, 17–18, 20–24, 34–35, 39–42 and 43 to ECF No. 98

[5] The sealed and unredacted versions of these documents are at ECF Nos. 100 and 108.

- Exhibits 9, 10, and 12 to ECF No. 106

DATED: July 23, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE